# UNITED STATES DISTRICT COURT FOR THE
# DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| COMMONWEALTH OF MASSACHUSETTS, | : |
| *Plaintiff*, | : |
| v. | : |
| UNITED STATES DEPARTMENT OF HEALTH AND HUMAN SERVICES; ERIC D. HARGAN, in his official capacity as Acting Secretary of Health and Human Services; UNITED STATES DEPARTMENT OF THE TREASURY; STEVEN T. MNUCHIN, in his official capacity as Secretary of the Treasury; UNITED STATES DEPARTMENT OF LABOR; and R. ALEXANDER ACOSTA, in his official capacity as Secretary of Labor, | : Case No. 17-cv-11930-NMG |
| *Defendants*. | : |

## COMMONWEALTH OF MASSACHUSETTS' MOTION FOR SUMMARY JUDGMENT

Pursuant to Fed. R. Civ. P. 56(a), the Commonwealth of Massachusetts moves for summary judgment on each of the four claims in its amended complaint. The amended complaint seeks judicial review, under the Administrative Procedure Act, 5 U.S.C. §§ 701–706, of two Interim Final Rules ("IFRs") issued by the defendants on October 6, 2017. The IFRs unlawfully create ten new exemptions to the provisions of the Patient Protection and Affordable Care Act ("ACA") that guarantee women equal access to preventive medical care—specifically contraceptive care and services.

In support of its motion, the Commonwealth states: (1) there are no triable issues of material fact; and (2) as set forth in the accompanying memorandum of law, it is entitled to

judgment on each of its claims. Briefly, as to the first claim (Count One – Procedural Violations of the Administrative Procedure Act ("APA"), 5 U.S.C. § 706(2)(D)), the defendants issued the IFRs without following the notice and comment rulemaking process required by the APA; as to the second (Count Two – Substantive Violations of the APA, 5 U.S.C. §§ 706(2)(A) and (C)), the defendants do not have statutory authority to create the exemptions in the IFRs because the ACA requires that employer-sponsored group health plans provide women with coverage for preventative care services, including contraception; as to the third (Count Three – Violations of the Establishment Clause, 5 U.S.C. § 706(2)(B)), the new religious exemptions constitute an endorsement of religion in violation of the Establishment Clause; and as to the fourth (Count Four – Violations of Equal Protection, 5 U.S.C. § 706(2)(B)), the IFRs discriminate against women in violation of the equal protection guarantee implicit in the Fifth Amendment. As grounds for this motion, and in further support of this motion, the Commonwealth relies upon its Memorandum in Support of Its Motion for Summary Judgment.

The Commonwealth requests that this Court waive the requirement in Local Rule 56.1 that it submit a statement of undisputed facts in support of its motion. Because this case is brought pursuant to the APA, and judicial review of the IFRs is based upon the administrative record, see 5 U.S.C. § 706, a statement of undisputed facts is not necessary to the disposition of the motion. *See Boston Redevelopment Auth. v. Nat'l Park Serv.*, 838 F.3d 42, 47 (1st Cir. 2016) (in a case brought pursuant to the APA, Court does not "determine whether a dispute of fact remains," but rather reviews the claims under the standard set forth in 5 U.S.C. § 706(2)). The Commonwealth has attached copies of the IFRs as exhibits, and has cited to relevant sections in its memorandum of law. The complete administrative record will be filed by the defendants.

## REQUEST FOR ORAL ARGUMENT

Pursuant to Local Rule 7.1(d), the Commonwealth requests a hearing on this motion, on the ground that oral argument is likely to be of assistance to the Court.

Respectfully submitted,

COMMONWEALTH OF MASSACHUSETTS,

By its attorneys,

MAURA HEALEY
ATTORNEY GENERAL

 /s/ *Julia E. Kobick*
Jonathan B. Miller, BBO # 663012
Jon Burke, BBO # 673472
Julia E. Kobick, BBO # 680194
David J. Brill, BBO # 673299
Assistant Attorneys General
Elizabeth Carnes Flynn, BBO # 687708
Special Assistant Attorney General
Office of the Attorney General
One Ashburton Place, 20th Floor
Boston, Massachusetts 02108
(617) 963-2559
julia.kobick@state.ma.us

Dated: November 17, 2017

## CERTIFICATE OF SERVICE

I certify that this document filed through the CM/ECF system will be sent electronically to registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non-registered participants on November 17, 2017.

    /s/ Julia E. Kobick
    Julia E. Kobick
    Assistant Attorney General

## CERTIFICATE PURSUANT TO LOCAL RULE 7.1(a)(2)

I certify that, on November 17, 2017, I conferred with Daniel Riess and Jason Weida, counsel for the defendants, who represented that the defendants believe that this motion is premature. Counsel for the defendants also represented that they assent to the Commonwealth's request to waive the Local Rule 56.1 requirement of a separate statement of undisputed material facts.

    /s/ Julia E. Kobick
    Julia E. Kobick
    Assistant Attorney General