UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| COMMONWEALTH OF MASSACHUSETTS,<br><br>            Plaintiff,<br><br>v.<br><br>UNITED STATES DEPARTMENT OF HEALTH AND HUMAN SERVICES; Eric D. Hargan, in his official capacity as Acting Secretary of Health and Human Services; UNITED STATES DEPARTMENT OF THE TREASURY; STEVEN T. MNUCHIN, in his official capacity as Secretary of the Treasury; UNITED STATES DEPARTMENT OF LABOR; and R. ALEXANDER ACOSTA, in his official capacity as Secretary of Labor,<br><br>            Defendants. | Civil Action No. 1:17-CV-11930-NMG |

**ASSENTED-TO MOTION OF THE ACLU OF MASSACHUSETTS, INC., NARAL PRO-CHOICE MASSACHUSETTS, AND THE PLANNED PARENTHOOD LEAGUE OF MASSACHUSETTS FOR LEAVE TO FILE *AMICI CURIAE* BRIEF IN SUPPORT OF PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT**

Non-party movants, the American Civil Liberties Union of Massachusetts, Inc. ("ACLUM"), NARAL Pro-Choice Massachusetts ("NARAL"), and the Planned Parenthood League of Massachusetts ("PPLM") (collectively, "amici") respectfully move for leave to submit

the attached *amici curiae* brief in support of the plaintiff Commonwealth of Massachusetts's motion for summary judgment.[1]  As grounds, amici state as follows:

1. This Court has inherent authority to accept amicus submissions. *See Verizon New England, Inc. v. Main Pub. Utils. Comm'n*, 229 F.R.D. 335, 338 (D. Me. 2005) ("Although the Federal Rules of Civil Procedure are silent on the standard for appointing amicus curiae, 'the district court retains the inherent authority to appoint amicus curiae to assist it in a proceeding.'") (quoting *Alliance of Auto. Mfrs. v. Gwadowsky*, 297 F. Supp. 2d 305, 306 (D. Me. 2003)); *see also Jin v. Ministry of State Security*, 557 F. Supp. 2d 131, 136 (D.D.C. 2008) ("[D]istrict courts have inherent authority to appoint or deny amici . . . .") (quoting *Smith v. Chrysler Fin. Co., L.L.C.,* 2003 WL 328719, at *8 (D.N.J. Jan. 15, 2003)).  Indeed, district courts "frequently welcome amicus briefs from non-parties concerning legal issues that have potential ramifications beyond the parties directly involved," *NGV Gaming, Ltd. v. Upstream Point Molate, LLC*, 355 F. Supp. 2d 1061, 1067 (N.D. Cal. 2005), particularly when the amicus has unique information or perspective that can help the court beyond the help that the lawyers for the parties are able to provide. *See Ryan v. Commodity Futures Trading Com'n*, 125 F.3d 1062, 1063 (7th Cir. 1997). Amici's attached brief meets these standards.

2. ACLUM, NARAL and PPLM have a keen interest in the issues raised by the instant case, as set forth more fully in the Interests of the Amici at pp.4-6 of their attached brief.  As organizations firmly committed to gender equity and reproductive justice, this case presents questions of law that are deeply important to the work of the amici.  In particular, amici support the Commonwealth's position that the Interim Final Rules ("IFRs") which are the subject of the Commonwealth's suit violate the equal protection component of the Fifth Amendment.  Among other things, the IFRs impermissibly discriminate against women in the name of religious

---

[1] A copy of the proposed brief is attached with this motion as **Exhibit A**.

freedom and undefined "morality." Amici submit their attached brief to provide this Court with additional insight into the discriminatory nature of the IFRs, and why discrimination cannot be legitimatized by cloaking the IFRs in the rubric of religious or moral beliefs.

    3. In deciding whether to permit the filing of an amicus brief, federal courts often consider whether the potential amici have attempted to obtain consent to the filing and whether in fact the parties have consented. *See, e.g., Cobell v. Norton*, 246 F. Supp. 2d 59, 63 (D.D.C. 2003) (denying leave to file an amicus brief in part because both parties submitted motions in opposition). Here, in accordance with Local Rule 7.1(a)(2), amici have sought and obtained assent from the Commonwealth of the Massachusetts and the Defendant Departments to their motion for leave to file their amicus brief. See Certificate of Compliance with Local Rule 7.1, *infra*.

    4. Although the local rules do not provide any guidance as to the length of an acceptable amicus curiae brief, amici have used both the Federal Rules of Appellate Procedure (Fed. R. App. P. 29(a)(5) and 32(a)(7)(B)) and Local Rule 7.1(b)(4) for reference and have, accordingly, limited their brief to fewer than twenty pages and fewer than 6,500 words.

    WHEREFORE, amici ACLUM, NARAL and PPLM request that the Court grant their motion and accept for filing the attached amici curiae brief in Support of the Plaintiff's Motion for Summary Judgment.

December 6, 2017

Respectfully Submitted,

AMERICAN CIVIL LIBERTIES
UNION OF MASSACHUSETTS, INC.,
NARAL PRO-CHOICE
MASSACHUSETTS, and PLANNED
PARENTHOOD LEAGUE OF
MASSACHUSETTS,


By Their Attorneys,

/s/Kate R. Cook

| | |
|---|---|
| | Kate R. Cook, BBO # 650698 |
| Matthew R. Segal, BBO #654489 | Anthony M. Doniger, BBO # 129420 |
| Jessie Rossman, BBO # 670685 | Susan A. Hartnett, BBO # 544672 |
| AMERICAN CIVIL LIBERTIES UNION | SUGARMAN, ROGERS, BARSHAK & COHEN |
| FOUNDATION OF MASSACHUSETS, INC. | 101 Merrimac Street |
| 211 Congress Street | Boston, MA 02114 |
| Boston, MA 02110 | 617.227.3030 |
| 617.482.3170 | Cook@sugarmanrogers.com |
| Msegal@aclum.org | Doniger@sugarmanrogers.com |
| Jrossman@aclum.org | Hartnett@sugarmanrogers.com |

**CERTIFICATE OF COMPLIANCE WITH LOCAL RULE 7.1**

    I hereby certify that on December 5, 2017, counsel for the Amici Curiae conferred with counsel for the plaintiffs, the Commonwealth of Massachusetts and with counsel for the defendants, the Departments, and both parties indicated their assent to this motion.

/s/ Kate R. Cook

## **CERTIFICATE OF SERVICE**

      I hereby certify that this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing and paper copies will be sent via mail to those indicated as non-registered participants on December 6, 2017.

                                                  /s/ Kate R. Cook

4821-7484-5528, v. 1