IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| COMMONWEALTH OF MASSACHUSETTS, : | |
| : | |
| Plaintiff, : | Case No. 1:17-cv-11930-NMG |
| : | |
| v. : | |
| : | |
| UNITED STATES DEPARTMENT OF : | |
| HEALTH AND HUMAN SERVICES *et al.*, : | |
| : | |
| Defendants. : | |
| : | |

## DEFENDANTS' UNOPPOSED MOTION FOR STAY OF PROCEEDINGS

After having conferred with Plaintiff, Defendants respectfully move for a stay of all proceedings in this case. As good cause for this request, Defendants offer the following:

1. This case involves a challenge by Plaintiff to the Final Rules promulgated by the Departments of Health and Human Services, Labor, and the Treasury that expand conscience exemptions to the Affordable Care Act's mandate regarding coverage of contraceptive services.[1]

2. These Final Rules were preliminarily enjoined by courts in Pennsylvania and California. *See Pennsylvania v. Trump*, 351 F. Supp. 3d 791 (E.D. Pa. 2019); *California v. Health & Human Servs.*, 351 F. Supp. 3d 1267 (N.D. Cal. 2019). Defendants appealed the preliminary injunctions to the Third and Ninth Circuits, which upheld the injunctions. *Pennsylvania v. Trump*, 930 F.3d 543 (3d Cir. 2019), *as amended* (July 18, 2019); *California v. HHS*, 941 F.3d 410, 418 (9th Cir. 2019). Defendants and an intervenor-defendant then sought Supreme Court review of the Third

---

[1] Religious Exemptions and Accommodations for Coverage of Certain Preventive Services Under the ACA, 83 Fed. Reg. 57,536 (Nov. 15, 2018); Moral Exemptions and Accommodations for Coverage of Certain Preventive Services Under the ACA, 83 Fed. Reg. 57,592 (Nov. 15, 2018).

Circuit's decision.[2]  Petition for a Writ of Certiorari, *Trump v. Pennsylvania*, No. 19-454 (U.S. filed Oct. 3, 2019); Petition for a Writ of Certiorari, *Little Sisters of the Poor v. Pennsylvania*, No. 19-431 (U.S. filed Oct. 1, 2019).

3.  On January 17, 2020, the Supreme Court granted certiorari to review the Third Circuit's decision.  *See* Orders in Pending Cases, Nos. 19-431, 19-454 (Jan. 20, 2020) (granting certiorari and consolidating the cases).

4.  Accordingly, the Supreme Court will soon decide questions of law that will have a controlling (or, at the very least, significant) effect on the claims raised in this case, which challenges the same Final Rules.  The Supreme Court's resolution of these questions will likely either resolve this case or substantially clarify the issues under dispute.  Moving forward in this case during Supreme Court review would unnecessarily duplicate proceedings and place unnecessary burdens on the parties and this Court.

5.  Indeed, the district court in the Northern District of California recently *sua sponte* stayed *State of California v. HHS*, 4:17-cv-5783, another ongoing challenge to the validity of the Final Rules, pending the Supreme Court's decision.  *See* Minute Order, *State of California v. HHS*, 4:17-cv-5783 (Jan. 22, 2020) ("ORDER by Hon. Haywood S. Gilliam, Jr. STAYING this action and holding all pending motions in abeyance in light of the Supreme Court granting certiorari in *Little Sisters of the Poor v. Pennsylvania*, Case No. 19-431, and *Trump v. Pennsylvania*, Case No. 19-454.").  The district court in Pennsylvania previously stayed its case involving challenges to the validity of the Final Rules as soon as it became clear that the parties would seek further review of the Third Circuit's decision, prior to the parties' filing for certiorari, much less the

---

[2] The deadline for filing a petition for certiorari in the Ninth Circuit case was extended to February 19, 2020.

Supreme Court granting it.  *See* Order at 4-5, *Pennsylvania v. Trump*, No. 17-cv-4540 (E.D. Pa. July 31, 2019), ECF No. 232 ("WHEREAS further appellate review may impact the posture and resolution of the outstanding claims and issues raised by the parties . . . making resolution of those motions at present an inefficient use of judicial resources . . . IT IS HEREBY ORDERED that further proceedings in this matter are STAYED . . . pending resolution of any appeal of the Third Circuit's decision . . . .").

6. Accordingly, in order to promote judicial economy and preserve the parties' resources, Defendants respectfully request that all proceedings in this case be stayed pending the Supreme Court's decision in *Trump v. Pennsylvania* and *Little Sisters of the Poor v. Pennsylvania*.

7. The requested stay is well within this Court's discretion to stay a case pending the outcome of proceedings in another court.  *See Landis v. N. Am. Co.*, 299 U.S. 248, 254 (1936) ("[T]he power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants.").

8. Plaintiff has informed Defendants that Plaintiff assents to the relief sought in this motion.

Based on the foregoing, Defendants respectfully request that their motion be granted.

Dated:  February 5, 2020

Respectfully submitted,

JOSEPH H. HUNT
Assistant Attorney General

MICHELLE R. BENNETT
Assistant Director, Federal Programs Branch

 /s/ Daniel Riess
DANIEL RIESS (Texas Bar # 24037359)
Trial Attorney
U.S. Department of Justice
1100 L Street, N.W.
Washington, D.C. 20005

Telephone: (202) 353-3098  
Fax: (202) 616-8460  
Email: Daniel.Riess@usdoj.gov  
*Attorneys for Defendants*

## **LOCAL RULE 7.1(a)(2) CERTIFICATION**

I hereby certify that on February 3, 2020, I conferred with Julia E. Kobick, counsel for Plaintiff, who represented that the Commonwealth assents to Defendants' motion to stay, but requests that proceedings in the present case resume expeditiously as soon as the Supreme Court issues its decision in *Trump v. Pennsylvania* and any stay order in the present case accordingly terminates.

/s/ Daniel Riess  
Daniel Riess

## **CERTIFICATE OF SERVICE**

I certify that on February 5, 2020, I caused a copy of the foregoing to be filed electronically and that the document is available for viewing and downloading from the ECF system. Participants in the case who are registered CM/ECF users will be served by the CM/ECF system. If any counsel of record requires a paper copy, I will cause a paper copy to be served upon them by U.S. mail.

/s/ Daniel Riess  
Daniel Riess